IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00178-DDD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**GARY LANE,**

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [ECF No. 513]**

    The United States of America, by Cole Finegan, United States Attorney for the District of Colorado, through Bryan David Fields, Assistant United States Attorney, hereby files this response to defendant Gary Lane's Motion for Early Termination from Probation.  ECF No. 9.  The government has no objection to the Defendant's motion.

    1.    Special Agents of the Internal Revenue Service, Criminal Investigations (IRS-CI) arrested the defendant on March 1, 2013 on a warrant issued in connection with an indictment charging him with mail fraud and tax evasion.  Gov't Sentencing Memorandum, *United States v. Lane,* ECF No. 31 (D. Nev. Jan. 14, 2014) .  The defendant used his position as a financial advisor to defraud investors out of about $2.7 million: he convinced them to give him money for investments in treasury bonds but actually used the money for his own benefit.

1

He paid no income taxes on the $2.7 million in income. *Id.*; Indictment, *United States v. Lane*, ECF No. 1 (D. Nev. Aug. 8, 2012).

2. The defendant pleaded guilty on September 3, 2013 and was sentenced on February 14, 2014 to ten years' imprisonment. ECF No. 12. He began serving his term of supervised release in February 2021.

3. On January 20, 2023 the 69-year-old defendant filed a *pro se* motion for termination of his supervised release under 18 U.S.C. § 3583(e)(1). ECF No. 513. In support of the motion, the defendant described his successful completion of the BOP's Residential Drug Abuse Program, which is the most intensive treatment program available to qualifying inmates. He described the support of his family, his efforts to pay restitution, and his strong relationship with the probation officer.

4. Section 3583(e)(1) permits termination of supervised release "at any time after the expiration of one year of supervised release" pursuant to the procedures set forth in Federal Rule of Criminal Procedure 32.1. In evaluating this motion, the Court must consider the factors set forth at 18 U.S.C. § 3553(a) and evaluate whether release is in in the "interest of justice." *United States v. Begay*, 631 F.3d 1168, 1171-72 (10th Cir. 2011).

5. The government has consulted with the Probation Officer assigned to the Defendant's case. The Probation Office has no objection to the Defendant's petition. After independently evaluating the defendant's case, the government likewise has no objection: early termination is appropriate, based on the § 3553(a) factors and is in the interest of justice. The defendant took responsibility for his

crime, served his sentence without incident, and has been in compliance with the terms of supervised release.  The defendant's conduct thus demonstrates respect for the law.  There is no reason to believe, based on his history and characteristics, that he will commit additional crimes.  Because the defendant served his sentence, and over one year of supervised release, without incident, there is also no reason to believe that early termination will somehow undermine deterrence.  Allowing the defendant to further his post-conviction integration into society, without interference from the terms of supervised release, is also in the interest of justice

6. For the reasons set forth above, the government has no objection to the relief requested in the defendant's motion.  Because, the motion does not ask for a hearing; because the relief sought is favorable to the defendant; and because the government received notice, had a reasonable opportunity to object, and has no objection, no hearing is necessary on the motion.  Fed. R. Crim. P. 32.1.

        COLE FINEGAN
        United States Attorney
        District of Colorado

By:    s/ *Bryan David Fields*
        BRYAN DAVID FIELDS
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone 303-454-0100
        Facsimile 303-454-0402
        Bryan.Fields3@usdoj.gov

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s Bryan David Fields*
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that the speedy trial clock does not apply to this supervised release matter.

*/s Bryan David Fields*
Bryan David Fields

4

## CERTIFICATE OF SERVICE

    I certify that on this 6th day of February 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case. The government will also send a copy of this memorandum to the defendant's address on record.

                s/ *Bryan David Fields*
                BRYAN DAVID FIELDS
                Assistant United States Attorney
                1801 California Street, Suite 1600
                Denver, CO 80202
                Telephone 303-454-0100
                Facsimile 303-454-0402
                Bryan.Fields3@usdoj.gov